1  Joseph E. Addiego III (CA SBN 169522)
   Mary McNeill (CA SBN 261500)
2  DAVIS WRIGHT TREMAINE LLP
   505 Montgomery Street, Suite 800
3  San Francisco, California  94111
   Telephone:     (415) 276-6500
4  Facsimile:     (415) 276-6599
   Email:         joeaddiego@dwt.com
5                 marymcneill@dwt.com

6  Attorneys for Defendants
   JPMORGAN CHASE BANK, N.A.
7  WASHINGTON MUTUAL BANK, F.A.

8

9                  IN THE UNITED STATES DISTRICT COURT

10               THE NORTHERN DISTRICT OF CALIFORNIA

11                      SAN FRANCISCO DIVISION

12

13  CLYDE R. DAVENPORT & ELLEN L.          Case No.3:16-cv-01343-JCS
    DAVENPORT,
14                                         **DEFENDANTS' NOTICE OF MOTION
                     Plaintiff,            AND MOTION TO DISMISS
15                                         COMPLAINT**
              v.
16                                         Date:        May 20, 2016
    WASHINGTON MUTUAL BANK, F.A., ALL      Time:        9:30 a.m.
17  PERSONS KNOWN or entities unknown,     Department:  Courtroom G, 15th Floor
    claiming any legal or equitable right, title estate,   Judge:   Hon. Joseph C. Spero
18  lien or interest in the property described in the
    petition adverse to Plaintiffs' title, CLYDE R.
19  DAVENPORT & ELLEN L. DAVENPORT or
    any cloud upon Plaintiffs' title thereto,
20
                     Defendant.
21

22

23

24

25

26

27

28

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN THAT on May 20, 2016 at 9:30 a.m. or as soon thereafter as the matter may be heard before the Hon. Joseph C. Spero in Courtroom G of the above-captioned Court located at 450 Golden Gate Avenue, 15th Floor, San Francisco, CA 94102, Defendants JPMorgan Chase Bank, N.A., successor-in-interest to Washington Mutual Bank, F.A. ("Chase") will and hereby do move this Court for an order dismissing Plaintiffs Clyde R. Davenport and Ellen L. Davenport's Complaint ("Complaint") and all three causes of action alleged therein pursuant to Federal Rule of Civil Procedure 12(b)(6).

This Motion is made on the grounds that Plaintiffs' Complaint fails to state any actionable claim for relief.

This Motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities, all other pleadings and papers on file, and upon such other oral and/or documentary matters as may be presented to the Court at or before the hearing on this Motion.

DATED:  April 14, 2016

DAVIS WRIGHT TREMAINE LLP
Joseph E. Addiego III
Mary McNeill


By:*/s/ Mary McNeill*
    Mary McNeill

Attorneys for Defendants
JPMORGAN CHASE BANK, N.A.
WASHINGTON MUTUAL BANK, F.A

DAVIS WRIGHT TREMAINE LLP

DEFENDANTS' MOTION TO DISMISS COMPLAINT
Case No. 3:16-cv-01343-JCS

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION AND SUMMARY OF ARGUMENT…………………….............1

II.    FACTUAL AND PROCEDURAL BACKGROUND .....................................2

    A.     Plaintiffs' Loan Obligation and Deed of Trust.......................................2

    B.     Subsequent Assignments of the DOT and Plaintiffs' Default................2

    C.     Plaintiffs' Complaint ................................................................3

    D.     WaMu's Conduct .....................................................................5

III.   LEGAL STANDARD ........................................................6

IV.    ARGUMENT ..............................................................6

    A.     FIRREA Precludes Plaintiffs' Claims for WaMu's Alleged Conduct ...................6

    B.     WaMu Was Not Required to be Licensed to do Business in California ...............10

    C.     Plaintiffs Fail to State a Claim for Quiet Title .......................................10

    D.     Plaintiffs Fail to State a Claim Under TILA .........................................12

        1.     Rights to Rescind Under TILA Do Not Extend to Home Purchases ...................12

        2.     Any TILA Claim Lies with the FDIC ...................................................12

        3.     Any TILA Rescission Right Expired With the Property's Sale ........................13

        4.     Plaintiffs' Claim Under TILA Is Time-Barred.........................................15

    E.     Plaintiffs Fail to State a Claim Under California's Unfair Competition Law.......17

        1.     Plaintiffs Fail to State a Claim Under the UCL's Unlawful Prong ...................17

        2.     Plaintiffs Fail to State a Claim Under the UCL's Fraudulent Prong ..................18

        3.     Plaintiffs Fail to State a Claim Under the Unfair Prong ...........................18

V.     CONCLUSION ................................................................19

DAVIS WRIGHT TREMAINE LLP

i

1

**TABLE OF AUTHORITIES**

2

**Page(s)**

3

**Cases**

4

5
*Aleksick v. 7-Eleven, Inc.*,
    205 Cal. App. 4th 1176 (2012) ..................................................................................17

6
*Allen v. United Fin. Mortgage Corp.*,
    660 F. Supp. 2d 1089 (N.D. Cal. 2009) .....................................................................8

7

8
*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ............................................................................................6, 18

9

10
*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ............................................................................................5, 6

11
*Benson v. JPMorgan Chase Bank, N.A.*,
    673 F.3d 1207 (9th Cir. 2012) ...................................................................................7

12

13
*Biggins v. Wells Fargo & Co.*,
    266 F.R.D. 399 (N.D. Cal. 2009) .............................................................................8

14

15
*Brown v. GMAC Mortg.*,
    2010 WL 3341834, No. 09-3293 (E.D. Cal. Aug. 23, 2010) ..................................13

16

17
*Chancey v. Wash. Mut. Asset Backed Cert. WMABS Series 2007 – HE2 Trust Issuing Entity*,
    2010 WL 3001178 (D. Or. July 27, 2010) ............................................................8, 9

18

19
*Danilyuk v. JP Morgan Chase Bank, N.A.*,
    2010 WL 2679843 (W.D. Wash. July 2, 2010)......................................................8, 9

20
*Davis v. HSBC Bank*,
    691 F.3d 1152 (9th Cir. 2012)..................................................................................18

21

22
*Derakhshan v. MERS, Inc.*,
    No. 8:08-cv-01185, 2009 U.S. Dist. LEXIS 63176 (C.D. Cal. June 2009) ...............9

23

24
*Durell v. Sharp Healthcare*,
    183 Cal. App. 4th 1350 (2010)................................................................................18

25
*Frederici v. Monroy*,
    2010 WL 1345276 (N.D. Cal. Apr. 6, 2010) ...........................................................8

26

27
*Hallas v. Ameriquest Mortg. Co.*,
    406 F. Supp. 2d 1176 (D. Or. 2005).......................................................................13

28

*DAVIS WRIGHT TREMAINE LLP*

ii

*Hardisty v. Moore*,
    6 F.Supp.3d 1044 (S.D. Cal. 2014) ...................................................................10

*Hixson v. Wells Fargo Bank, N.A.*,
    2014 WL 3870004, No. 14-285 (N.D. Cal. Aug. 6, 2014)....................................10

*Ibarra v. Loan City*,
    2010 WL 1573811 (S.D. Cal. Apr. 20, 2010) ................................................14, 15

*Jacobson v. Balboa Arms Drive Trust No. 5402 HSBC Financial Trustee*,
    2011 WL 3328487, No. 10-2195 (S.D. Cal. Aug. 1, 2011) .........................13, 14, 15

*Jenkins v. JP Morgan Chase Bank*,
    549 Fed. Appx. 673 (9th Cir. Nov. 19, 2013) .......................................................7

*Jesinoski v. Countrywide Home Loans, Inc.*,
    135 S. Ct. 790 (2015) .............................................................................12, 15, 16

*Johnson v. Greentree Servicing LLC*,
    2016 WL 1408115 (W.D. Wash. Apr. 6 2016) .....................................................12

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009)........................................................................17, 18

*Kelley v. JPMorgan Chase Bank, N.A.*,
    545 B.R. 1 (N.D. Cal. Jan. 21, 2016) ........................................................ *passim*

*Kelley v. Mortg. Elec. Registration Sys.*,
    642 F.Supp.2d 1048 (N.D. Cal. 2009) ................................................................17

*Lee v. City of Los Angeles*,
    250 F.3d 668 (9th Cir. 2001)................................................................................8

*Lomboy v. SCME Mortg. Bankers*,
    No. 09-1160, 2009 WL 1457738 (N.D. Cal. May 26, 2009) ...................................9

*Mack v. South Bay Beer Distrib.*,
    798 F.2d 1279 (9th Cir. 1986)..............................................................................8

*Mehta v. Wells Fargo Bank, N.A.*,
    737 F. Supp. 2d 1185 (S.D. Cal. 2010) ..............................................................13

*Meyer v. Ameriquest Mortg. Co.*,
    342 F.3d 899 (9th Cir. 2003)......................................................................13, 14, 15

*Middleton v. Guaranteed Rate et al.*,
    2015 WL 3934934 (D. Nev. June 25, 2015) ...................................................11, 12

*Mikels v. Estep et al.*,
    2016 WL 1056067, No. 12-56 (N.D. Cal. Mar. 17, 2016) (Chen, J.) ............12, 13, 15

DAVIS WRIGHT TREMAINE LLP

iii

DAVIS WRIGHT TREMAINE LLP

*Molina v. Washington Mutual Bank*,
   2010 WL 431439 (S.D. Cal. Jan. 29, 2010) ...................................................................8

*O'Melveny & Myers v. FDIC*,
   512 U.S. 79 (1994) .........................................................................................................6

*Palmer v. Champion Mortgage*,
   465 F.3d 24 (1st Cir. 2006) .........................................................................................16

*Paulsen v. CNF, Inc.*,
   559 F.3d 1061 (9th Cir. 2009) ......................................................................................6

*Pegasus Holdings v. Veterinary Ctrs. of Am., Inc.*,
   38 F. Supp. 2d 1158 (C.D. Cal. 1998) ..........................................................................6

*Pok v. Am. Home Mortg. Servicing, Inc.*,
   No. CIV 2:09-2385 WBS EFB, 2010 WL 476674 (E.D. Cal. Feb. 3, 2010) ...............9

*Rundgren v. Washington Mut. Bank, FA*,
   760 F.3d 1056 (9th Cir. 2014) .............................................................................7, 8, 12

*Sahni v. Am. Diversified Partners*,
   83 F.3d 1054 (9th Cir. 1996) ........................................................................................6

*SmileCare Dental Group v. Delta Dental Plan of Cal.*,
   88 F.3d 780 (9th Cir. 1996) ..........................................................................................5

*Sprewell v. Golden State Warriors*,
   266 F.3d 979 (9th Cir. 2001) ........................................................................................6

*Suzuki v. Hitachi Global Storage Techs.*,
   2007 WL 2070263 (N.D. Cal. July 17, 2007) ..........................................................16, 17

*Swanson v. EMC Mortg. Corp.*,
   No. 1:09cv1507, 2009 U.S. Dist. LEXIS 107912 (E.D. Cal. Oct. 29, 2009) ...............9

*Takushi v. BAC Home Loans Servicing*,
   814 F. Supp. 2d 1073 (D. Hawaii 2001) .....................................................................13

*U.S. v. Alvarado Martinez*,
   556 F.3d 732 (9th Cir. 2009) (treating post-January 1, 2007 unpublished
   opinions as persuasive authority) ..................................................................................7

*Ward v. Pickett*,
   2014 WL 129395, No. 13-1735 (N.D. Cal. Jan. 14, 2014) .......................................10

*West Park Associates v. Butterfield Sav. & Loan Ass'n*,
   60 F.3d 1452 (9th Cir. 1995) ........................................................................................7

*Wilson v. Hewlett-Packard Co.*,
   668 F.3d 1136 (9th Cir. 2012) ...............................................................................16, 17

iv

DAVIS WRIGHT TREMAINE LLP

**Statutes**

12 U.S.C.
§ 1811 ...................................................................................................................6
§ 1821(d)(2)(A)(i) ...............................................................................................6
§ 1821(d)(2)(G)(i)(II) ..........................................................................................6
§ 1821(d)(2)(H) ...................................................................................................6
§ 1821(d)(2)(J) ....................................................................................................6

15 U.S.C
§ 1601 (TILA) ............................................................................................ *passim*

15 U.S.C.
§ 1602(x) ............................................................................................................12
§ 1632(a) .............................................................................................................5
§ 1635(b) .............................................................................................................5
§ 1635(e)(1) .......................................................................................................11
§ 1635(f) ...............................................................................................13, 14, 15

California Business and Professions Code
§ 17200 (UCL) .......................................................................................... *passim*

California Corporation Code
§ 191 ..................................................................................................................10
§ 191(d)(3) ............................................................................................... 4, 9, 11
§ 2105(a) ....................................................................................................... 9, 10

Financial Institutions Reform, Recovery and Enforcement Act of 1989 (FIRREA) ................... 6, 7

**Other Authorities**

12 C.F.R. 226.23(a)(3) ..................................................................................................13

9th Cir. Rule 36-3 ............................................................................................................7

Federal Rules of Civil Procedure
9 ........................................................................................................................17
9(b) .............................................................................................................17, 18
10 ........................................................................................................................2
12(b)(6) ...................................................................................................... 1, 5, 8

Federal Rules of Evidence 201(b)(2) ..............................................................................8

(https://www.fdic.gov/about/freedom/washington_mutual_p_and_a.pdf.) .......................8

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.        INTRODUCTION AND SUMMARY OF ARGUMENT

On March 1, 2008, Plaintiffs executed a promissory note ("Note") with Washington Mutual Bank, F.A. ("WaMu") to fund the ***purchase*** of Plaintiffs' former residence in San Ramon, California.  On March 1, 2008, a Deed of Trust ("DOT") was recorded with the Contra Costa County Recorder's Office securing that Note.  Under the Note, Plaintiffs promised to pay $787,000.00 to WaMu and any assignees of the Note.[1]  Plaintiffs breached that agreement, stopped making payments, and yet now seek a return of all payments made under the Note and to avoid paying the remaining balance due.  Plaintiffs allege a right to rescind their Note because "WaMu was not licensed" at the time Plaintiffs signed their Note.  Compl. ¶ 12.  Plaintiffs also seek declaratory relief on the basis they have "acquired an equitable interest in the title."  Compl. ¶ 6-7.  The Court should dismiss Plaintiffs' Complaint under Rule 12(b)(6) for the following reasons:

***First***, Plaintiffs' quiet-title claim is insufficient because the Property was sold at foreclosure sale to Caliber Home Loans, Inc. on March 9, 2016, and the Complaint neither contains a request to reverse the sale nor states the March 9, 2016 foreclosure was wrongful.  As a result, the Complaint fails to allege adverse claims to Plaintiffs' title or a tender for the amount owed to Defendants.

***Second***, Plaintiffs have no right to rescind under the Truth-in-Lending Act ("TILA"), 15 U.S.C § 1601, *et seq.*, because TILA does not permit rescission in purchase money transactions (only refinances).  Even if TILA did apply here, Plaintiffs' claim fails because it lies against the FDIC.  Finally, Plaintiffs fail to state a TILA claim because: (1) Plaintiffs' alleged right to rescind under TILA was extinguished by the sale of the Property on March 9, 2016; and (2) even if Plaintiffs still had the ability to rescind, the TILA rescission claim is time-barred on its face.

***Third***, Plaintiffs' unfair competition claim fails because Plaintiffs fail to plead any facts to meet the elements required under California Business and Professions Code Section 17200, *et seq.* ("UCL").  Plaintiffs' UCL claim simply copies language from California statutes.  Also, because all

---

[1] Assignment was permitted without notice to Plaintiffs under the DOT.  Request for Judicial Notice "RJN," Ex. A, ¶ 20 (2008 DOT).

1

of Plaintiffs' allegations relate to a loan originated with WaMu, and Chase did not assume any

liability from the FDIC for WaMu's lending activities, Plaintiffs cannot state a claim against Chase.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

### A.  Plaintiffs' Loan Obligation and Deed of Trust

On or around March 1, 2008, Plaintiffs obtained a purchase money mortgage in the amount

of $787,000.00 from WaMu, evidenced by the Note and secured by a DOT on real property located

at 5555 Thayer Lane, San Ramon, California 94582 (the "Property").  Compl., Ex. A (DOT);[2] RJN,

Ex. A (2008 DOT); and G (Plaintiffs' Mortgage Loan Audit and Foreclosure Analysis).  The DOT

lists Plaintiffs, Rouel G. Lacsamana, and Paul Bradley[3] as "Borrower," and Federal Savings Bank

and WaMu as "Lender."  Compl., Ex. A (DOT) at 1.  The DOT further names California

Reconveyance Company ("CRC") as the "Trustee."  Id. at 2.  Under the DOT, in the event of

default by Plaintiffs, the Lender is entitled to invoke the power of sale of the Property and to direct

the Trustee to initiate non-judicial foreclosure proceedings.  Id. ¶ 22.  Both the DOT and the Note

explain WaMu could sell and thereby assign Plaintiffs' loan without prior notice, and any transferee

is entitled to enforce the Note and corresponding DOT.  See id. ¶ 20.

### B.  Subsequent Assignments of the DOT and Plaintiffs' Default

Plaintiffs' loan was assigned twice since Plaintiffs originally obtained their mortgage in

2008.[4]  In 2008, WaMu failed and was taken into receivership by the FDIC.  See RJN, Ex. B

(Purchase and Assumption Agreement, "P&A Agreement").  On September 25, 2008, Chase

acquired WaMu's assets from the FDIC through a P&A Agreement.  Id § 3.1.  With limited

exceptions, Chase acquired "all of the assets" of WaMu and "specifically purchase[d] all mortgage

servicing rights and obligations" of WaMu.  Id.  The servicing rights to Plaintiffs' loan were among

the assets obtained by Chase from the FDIC in 2008.  Id.  Under the P&A Agreement, Chase had

the right to initiate foreclosure on defaulted loans.  Id. § 3.09.

---

[2] The Court may consider the Deed of Trust because it is attached to the Complaint and thus incorporated by reference.  See FED. R. CIV. P. 10.
[3] These two individuals are not mentioned in the Complaint.
[4] On September 25, 2008, all of WaMu's beneficial interest under the DOT was assigned to Chase. RJN, Ex. B.  In May 2014, Chase assigned all beneficial interest under the DOT to Caliber Home Loans, Inc.  See RJN, Ex. F 9 (Trustee's Deed Upon Sale).

Less than a year after signing the Note, in February 2009 Plaintiffs started running late on their payments and eventually defaulted on their loan.  RJN, Ex. C (Notices of Default and Notice of Trustee's Sale).  As a result, CRC in its capacity as Trustee under the DOT issued a Notice of Default ("NOD") for the amount of $16,361.96, as well as a Notice of Trustee's Sale ("NOTS") on February 1, 2010.  CRC recorded the NOD in the Contra Costa County Recorder's Office on October 29, 2011 as instrument 2009-0258520.  *Id.* at 6.  CRC recorded the NOTS in the Contra Costa County Recorder's Office on February 2, 2010 as instrument 2010-0021786.  *Id.*  In October 2010, Chase sent Plaintiffs a modification agreement advising them their interest rate was being reduced and on November 17, 2010, CRC executed a Notice of Rescission of the Declaration of Default and recorded the notice as instrument 2010-0262029.  Plaintiffs defaulted once again a couple of months later, and CRC executed another NOD.  RJN, Ex. C.  On March 9, 2016, a Trustee's sale took place.  RJN, Ex. F.

### C.    Plaintiffs' Complaint

Plaintiffs filed this action in the Northern District of California on March 18, 2016 in an effort to avoid paying the remaining balance due under the Note and apparently, to regain possession of the now-sold Property.  Plaintiffs assert their causes of action against WaMu, despite the fact that the FDIC now holds WaMu's liabilities.  *See Kelley v. JPMorgan Chase Bank, N.A.*, 545 B.R. 1 (N.D. Cal. Jan. 21, 2016).  In the past, Plaintiffs have filed other Complaints very similar to the Complaint at issue here, at least two of which have been dismissed.[5]  RJN, Exs. D-E (2011 Complaint and 2012 Complaint).  For instance, Plaintiffs' 2011 Complaint includes an Audit by forensic mortgage experts who reviewed Plaintiffs' loan for violations of TILA (among other

---

[5] One of Plaintiffs' prior Complaints was filed December 30, 2011 in Contra Costa County superior court alleging causes of action for quiet title, slander of title, injunctive relief, fraud, breach of contract, and declaratory relief.  RJN, Ex. D.  Plaintiffs' 2011 Complaint concerns the Property and attaches a purported Mortgage Loan Audit and Foreclosure Analysis as Exhibit A, performed on Plaintiffs' behalf ("Audit").  RJN, Ex. G (Plaintiffs' Audit).  The Audit shows: (1) Plaintiffs' Note was a purchase money mortgage, so no right of rescission is available to Plaintiffs under TILA; and (2) there was no TILA violation relating to the Property.  *Id.* at 5.  Plaintiffs verified the 2011 Complaint, including the Audit attached to it, and thus cannot deny its veracity now.  *See* RJN, Ex. D at 36-37 (2011 Complaint).

DEFENDANTS' MOTION TO DISMISS COMPLAINT
Case No. 3:16-cv-01343-JCS

laws).  The experts' Audit found the disclosures provided to Plaintiffs "were not [] in violation [of TILA]," and the "3 day right of rescission" is not "required in a purchase transaction."  RJN, Ex. G at 5.

Nevertheless, Plaintiffs' present Complaint alleges three causes of action: (1) quiet title; (2) violation of TILA; and (3) violation of Business and Professions Code Sections 17200, *et seq*. The crux of the Complaint is WaMu's inadequate corporate status and WaMu's failure to "provide accurate disclosures" to Plaintiffs.  Compl. at 8, ¶ 2.

In support of the allegations in the Complaint, Plaintiffs attach a document allegedly showing WaMu was not "licensed as [a] California finance lender or a consumer finance lender." Compl., Ex. C.  Plaintiffs attach another document allegedly showing WaMu's record with California's Secretary of State was "not found," and therefore WaMu was not registered to do business in California.  *Id.* Ex. D.  As a result of WaMu's alleged lack of lender/corporate status, Plaintiffs claim they are entitled to rescission, and rescission "extinguishes any liability Plaintiffs have to Defendants for finance or other charges arising from the [Note]."  *Id.* at 8-9, ¶ 3.  In short, Plaintiffs want a free house at Chase's expense.

But, Plaintiffs are mistaken, as the documents they cite were generated in February of 2016—long after the relevant timeframe.  And even if Plaintiffs' data originated in the proper timeframe (which it does not), WaMu's status as a registered California corporation or lender-licensee has no bearing on Plaintiffs' obligations under the Note and DOT.  There is no requirement a grantor of a promissory note be a corporate entity at all, making Plaintiffs' (false) distinction irrelevant.  *See* CAL. CORP. CODE §§ 191(c)(7) & 191(d)(3).

Still, Plaintiffs allege WaMu's failed registration status in 2016 voids the entire DOT signed by Plaintiffs, as well as Chase's assignment from WaMu.  Compl. at 9, ¶ 4, *citing* 15 U.S.C. § 1635(b).  But, Plaintiffs' Complaint is a collection of case law and quotes from TILA, rather than facts, and  is based on two apparent theories: (1) Chase's predecessor-in-interest, WaMu, was not a California corporation or a properly licensed lender; and (2) WaMu did not provide accurate disclosures to Plaintiffs.  Plaintiffs' conclusory allegations include:

- "[WaMu] was not licensed as [a] California Finance Lender or a Consumer Finance Lender." Compl. at 4, ¶ 12.

- "By virtue of an Interest Only Adjustable Rate Note and Deed of Trust dated March 1, 2008, Plaintiffs acquired an equitable interest in the title." *Id.*

- "All of these Defendants have recorded an interest in *Plaintiffs' Property*." *Id.* at 4, ¶ 9 (emphasis in original).

- "Plaintiffs can live on this land and only plaintiffs have the right to sell their home" *Id.* at 4, ¶ 7.

- "The original payee of the note and beneficiary of all other documents at a purported closing with Defendants acted in contravention of TILA 15 U.S.C. § 1601 *et seq.* and Reg. Z." *Id.* at 9-10, ¶ 9.

- Defendants failed "to make required rescission disclosures 'clearly and conspicuously' in writing in violation of 15 U.S.C. § 1632(a) and Reg. Z § 226.17(a)(1)." *Id.* ¶ 10(b).

- "The business acts and practices of these Defendants [] constitute 'unfair' business practices under UCL in that said acts and practices offend *public policy* and are substantially injurious to the Plaintiffs and all consumers." *Id.* at 12, ¶ 20 (emphasis in original).

- "Defendants have a fiduciary duty and obligation to perform upon this notice of rescission by canceling this specific Transaction as well as any enforcement thereof.  Accordingly, any alleged security instrument is void and unenforceable under 15 U.S.C. § 1635(b). *Id.* at 9, ¶ 4.

Plaintiffs' causes of action all seem to rest on their claim WaMu misrepresented itself as a properly licensed California corporation. *Id.* Ex. C-D.  Notably, Plaintiffs do *not* dispute that if the WaMu Note is valid—and it is—that all subsequent assignments and payments made thereunder are likewise valid.

### D.   WaMu's Conduct

In 2008, Chase purchased all of WaMu's assets—including loan servicing rights—from the Federal Deposit Insurance Corporation ("FDIC"), under the P&A Agreement. *See* RJN, Ex. A.  By operation of federal law, WaMu's assets—including the right to service and foreclose on Plaintiffs' DOT—passed to Chase, without the need for any direct or formal assignment from WaMu.  At the same time, Chase did not acquire WaMu's liabilities pursuant to its P&A Agreement with the FDIC.  Chase thus cannot be held not liable for WaMu's alleged violations of law in Plaintiffs' Complaint. *See Kelley*, 545 B.R. 1, at *8-10.

/ / /

/ / /

5

### III.   LEGAL STANDARD

Courts prefer to weed out undeserving complaints before parties engage in expensive discovery. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007).  A court may dismiss a claim under Rule 12(b)(6) for failure to state a claim for "(1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *SmileCare Dental Group v. Delta Dental Plan of Cal.*, 88 F.3d 780, 783 (9th Cir. 1996) (citation omitted).

A court should grant a motion to dismiss if a plaintiff fails to plead enough "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" because facts "merely consistent with" liability are insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. 544, 556-57, 570 (2007)).  A plaintiff who pleads only conclusory assertions of the elements of the cause of action does not meet this standard. *Id.*

In evaluating a motion to dismiss, the Court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  Nor must the Court "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Paulsen v. CNF, Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).  A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  "[I]f the court determines that 'allegations or other facts consistent with the challenged pleading could not possibly cure the defect '" leave to amend should be denied. *Pegasus Holdings v. Veterinary Ctrs. of Am., Inc.*, 38 F. Supp. 2d 1158, 1160 (C.D. Cal. 1998).

### IV.   ARGUMENT

#### A.   FIRREA Precludes Plaintiffs' Claims for WaMu's Alleged Conduct

The Federal Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), 12 U.S.C. § 1811, *et seq.*, governs the transfer of assets from a federal receiver to a subsequent purchaser.  Pursuant to FIRREA, when the FDIC enters into receivership for a failed bank, it succeeds to "all rights, titles, powers, and privileges" of the failed bank.  12 U.S.C. § 1821(d)(2)(A)(i); *Kelley*, 545 B.R. 1, at *8-10.  As receiver, the FDIC "shall pay all valid obligations of the insured depository institution," *i.e.*, the failed bank.  12 U.S.C. § 1821(d)(2)(H).

6

1  Thus, the FDIC "steps into the shoes" of the failed bank, "obtaining the rights of the insured

2  depository institution that existed prior to receivership."  *O'Melveny & Myers v. FDIC*, 512 U.S.

3  79, 86 (1994).  As receiver, the FDIC is also authorized to "take any action … which [it]

4  determines is in the best interests of the depository institution."  12 U.S.C. § 1821(d)(2)(J); *see also*

5  *Sahni v. Am. Diversified Partners*, 83 F.3d 1054, 1058 (9th Cir. 1996) (receivership grants FDIC

6  "power to take all actions necessary to resolve the problems posted by a financial institution in

7  default").  Accordingly, the FDIC may "transfer any asset or liability of the institution in default …

8  without any approval, assignment, or consent with respect to such transfer."  12 U.S.C.

9  § 1821(d)(2)(G)(i)(II); *see also West Park Associates v. Butterfield Sav. & Loan Ass'n*, 60 F.3d

10  1452, 1459 (9th Cir. 1995) (recognizing the FDIC has "broad powers to allocate assets and

11  liabilities" in order to facilitate a P&A Agreement).  This line of legal authority means Plaintiffs'

12  claims against now-dissolved WaMu lie against the FDIC, not Chase.  *Kelley*, 545 B.R. 1, at *8-10

13  (holding FIRREA bars all rescission claims against assignees of loans originated by WaMu).

14          Plaintiffs allege they attempted to rescind the Note via "notarized letter to the original

15  lender Washington Mutual Bank, [stating they] hereby cancel/rescind the reference loan number

16  3015396926."  Compl., ¶ 10.  But Chase is not liable for any alleged errors made by WaMu when

17  the loan originated or otherwise.  *Kelley*, 545 B.R. 1, at *10 (barring TILA rescission claim).  The

18  reason is Chase acquired most of WaMu's assets pursuant to the P&A Agreement, but that

19  Agreement explicitly provides Chase did not assume any liability associated with borrower claims

20  against WaMu.  *See Benson v. JPMorgan Chase Bank, N.A.*, 673 F.3d 1207, 1210 (9th Cir. 2012).

21  Notwithstanding the P&A Agreement, the Complaint only alleges claims against WaMu, not

22  Chase.  In fact, the Complaint ***does not even mention*** Chase anywhere, except in unrelated case law

23  cited as exhibits.  As a result, Plaintiffs' Complaint should be dismissed in its entirety, with

24  prejudice.

25          It is indisputable that the express terms of the P&A Agreement between the FDIC and

26  Chase state "Chase did not assume any liability associated with borrower claims against [WaMu]."

27

28

Defendants' Motion to Dismiss Complaint
Case No. 3:16-cv-01343-JCS

*Jenkins v. JP Morgan Chase Bank*, 549 Fed. Appx. 673, 674 (9th Cir. Nov. 19, 2013);[6] *see also*

*Rundgren v. Washington Mut. Bank, FA*, 760 F.3d 1056, 1059 (9th Cir. 2014) (noting pursuant to

the P&A Agreement, "FDIC retained most liabilities associated with those assets").   Indeed,

Paragraph 2.5 of the P&A Agreement specifically states Chase did not assume any liability for

borrower claims relating to any loans or commitments to lend made by WaMu:

> **2.5 Borrower Claims**.  Notwithstanding anything to the contrary in this Agreement any liability associated with borrower claims for payment of or liability to any borrower claims for payment of or liability to any borrower for monetary relief, or that provide for any other form of relief to any borrower, whether or not such liability is reduced to judgment, liquidated or unliquidated, fixed or contingent, matured or unmatured, disputed or undisputed, legal or equitable judicial or extrajudicial, secured or unsecured, whether asserted affirmatively or defensively, related in any way to any loan or commitment to lend made by [WaMu] prior to failure, or to any loan made by a third party in connection with a loan which is or was held by [WaMu], or otherwise arising in connection with [WaMu]'s lending or loan purchase activities are specifically not assumed by [Chase].

*Rundgren*, 760 F.3d at 1059 n.1.[7]

---

[6] Chase acknowledges an unpublished opinion is not binding pursuant to 9th Cir. Rule 36-3, though the Court may consider it for its persuasive value.  *See U.S. v. Alvarado Martinez*, 556 F.3d 732, 735 (9th Cir. 2009) (treating post-January 1, 2007 unpublished opinions as persuasive authority).

[7] Chase requests this Court take judicial notice of the P&A Agreement between the FDIC and Chase.  As a general rule, "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion."  *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).  A district court may, however, "look beyond the complaint to matters of public record and doing so does not convert a 12(b)(6) motion to one of summary judgment."  *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Because the P&A Agreement is a public record, which is available on the FDIC's website, the P&A Agreement contains facts that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  FED. R. EVID. 201(b)(2); *see also* (https://www.fdic.gov/about/freedom/washington_mutual_p_and_a.pdf.)  Moreover, several other federal district courts in this circuit have taken judicial notice of the P&A Agreement between the FDIC and Chase.  *See Chancey v. Wash. Mut. Asset Backed Cert. WMABS Series 2007 – HE2 Trust Issuing Entity*, 2010 WL 3001178, at *1 (D. Or. July 27, 2010); *Danilyuk v. JP Morgan Chase Bank, N.A.*, 2010 WL 2679843, at *3 (W.D. Wash. July 2, 2010); *Allen v. United Fin. Mortgage Corp.*, 660 F. Supp. 2d 1089, 1093-94 (N.D. Cal. 2009); *Biggins v. Wells Fargo & Co.*, 266 F.R.D. 399 (N.D. Cal. 2009).  The Court can properly consider the agreement on a motion to dismiss.

Based on the express language in Paragraph 2.5 of the P&A Agreement between the FDIC and Chase, federal district courts in the Ninth Circuit—including courts in the Northern District— have uniformly held that any borrower claims "for monetary relief, or … ***any other form of relief*** … related in any way to any loan or commitment to lend" made by WaMu prior to the date of the P&A Agreement, *i.e.*, March 1, 2008, cannot be brought against Chase. *Frederici v. Monroy*, 2010 WL 1345276, at *2 (N.D. Cal. Apr. 6, 2010) (holding because "all of the claims against [Chase] are based on [WaMu's] lending activities, the liability for which was explicitly not assumed by [Chase] in its purchase of [WaMu's] assets, the [complaint] does *not* state any claims upon which relief could be granted against [Chase].") (emphasis in original); *Molina v. Washington Mutual Bank*, 2010 WL 431439, at *4 (S.D. Cal. Jan. 29, 2010) (holding that "any of Plaintiffs 'claims arising out of [Chase's] alleged status as successor in interest to Plaintiffs 'borrower claims against [WaMu] must fail."); *Chancey v. Wash. Mut. Asset Backed Cert. WMABS Series 2007 – HE2 Trust Issuing Entity*, 2010 WL 3001178, *4-5 (D. Or. July 27, 2010) (emphasis added) (holding because "[P]laintiffs' damages claims stem from a loan that originated with WaMu in January 2007 … claims must be brought against the FDIC and not WaMu."); *Danilyuk v. JP Morgan Chase Bank, N.A.*, 2010 WL 2679843, at *4 (W.D. Wash. July 2, 2010) (holding "Article 2.5 of the P&A Agreement relieves Chase of all liability for borrowers' claims relating to loans made by Washington Mutual prior to September 25, 2008").

Here, Plaintiffs' claims arise from a loan transaction originated by WaMu on or about March 1, 2008. Compl., ¶ 10. And, Plaintiffs' claims are based entirely on alleged conduct by WaMu, not Chase. *See id.* Specifically, Plaintiff alleges WaMu failed to provide proper notices of rescission, failed to have the requisite licenses as a lender, and failed to properly register as a California corporation. Compl., ¶¶ 11-12. Because Plaintiffs' claims are clearly related to a "loan or commitment to lend" by ***WaMu***, and all such alleged conduct occurred ***prior to the date of the P&A Agreement***, March 1, 2008, the FDIC expressly retained liability for Plaintiffs' claims. Regardless of why Plaintiffs chose not to name the FDIC in the Complaint, Plaintiffs cannot now assert against Chase a claim they may only assert against the FDIC. Plaintiffs' Complaint fails as a

DEFENDANTS' MOTION TO DISMISS COMPLAINT
Case No. 3:16-cv-01343-JCS

matter of law because Plaintiffs have no claim against Chase for loan-related acts by WaMu.  The Court should thus dismiss Plaintiffs' entire Complaint with prejudice.

**B.      WaMu Was Not Required to be Licensed to do Business in California**

Lenders are not required to be licensed in California under California Corporation Code Section 2105(a) because the creation of "evidences of debt or mortgages, liens or security interests on real or personal property" are activities exempted by statute—that is, those activities *do not* constitute transacting intrastate business.  Cal. Corp. Code §§ 191(c)(7) & 191(d)(3).[8]  Thus, WaMu is expressly *exempted* from the definition of Section 2105(a) as a lender and was never considered a "foreign corporation" "transacting interstate business" under Section 2105(a).  Cal. Corp. Code § 191.  Because Plaintiffs' Complaint rests on a misunderstanding of the applicable law in California, it fails to state a claim for relief on the merits of any of Plaintiffs' three causes of action.  The Court should dismiss the Complaint in its entirety.

**C.      Plaintiffs Fail to State a Claim for Quiet Title**

The Complaint fails to plead a sufficient claim for quiet title.  Specifically, Plaintiffs fail to allege any of the following five elements: (1) a description of the property, both legal description and street address; (2) the title of the plaintiff, and the basis for that title; (3) the adverse claims to the Plaintiffs' title; (4) the date as of which the determination is sought; and (5) a prayer for the determination of the Plaintiffs' title against the adverse claims.  *Hardisty v. Moore*, 6 F.Supp.3d 1044 (S.D. Cal. 2014).  Among other deficiencies, Plaintiffs' quiet title claim is inadequate because they do not plead the second element required: facts showing Plaintiffs are the rightful owners of the Property.  *See Ward v. Pickett*, 2014 WL 129395, at *1, No. 13-1735 (N.D. Cal. Jan. 14, 2014) (dismissing quiet title claim because "a borrower who fails to meet his loan obligation is not the rightful owner and cannot bring a quiet title claim").  The "second requirement of the statute

---

[8] *See, e.g., Derakhshan v. MERS, Inc.*, No. 8:08-cv-01185, 2009 U.S. Dist. LEXIS 63176, at *19 (C.D. Cal. June 2009); *Lomboy v. SCME Mortg. Bankers*, No. 09-1160, 2009 WL 1457738, at *3 (N.D. Cal. May 26, 2009) ("lack of registration is no obstacle to foreclosure."); *Swanson v. EMC Mortg. Corp.*, No. 1:09cv1507, 2009 U.S. Dist. LEXIS 107912, at *26-27 (E.D. Cal. Oct. 29, 2009) (dismissing fraud claim based on the allegation that defendant must be qualified and registered to do business in California); *Pok v. Am. Home Mortg. Servicing, Inc.*, No. CIV 2:09-2385 WBS EFB, 2010 WL 476674, n.1 (E.D. Cal. Feb. 3, 2010) (defendant "is not required to obtain a certificate of qualification from the Secretary of State because it does not 'transact intrastate business' within the meaning of the statute.").

---

requires plaintiffs bringing quiet title claims to show they "are the rightful owners of the property, i.e., that they have satisfied their obligations under the deed of trust."  *See id.* (quoting *Kelley v. Mortg. Elec. Registration Sys.*, 642 F.Supp.2d 1048, 1057 (N.D. Cal. 2009)).  "In other words, parties who have defaulted on their obligations under the deed of trust ***are not considered rightful owners*.*" *Id. citing Castillo v. Wachovia Mortg. et al.*, 2012 WL 1213296, at *7, No. 12-101 (N.D. Cal. Apr. 11, 2012), *declined to follow on other grounds by Hixson v. Wells Fargo Bank, N.A.*, 2014 WL 3870004, No. 14-285 (N.D. Cal. Aug. 6, 2014) (emphasis added).  Contrary to this requirement, Plaintiffs' were in default for years, and lenders filed multiple notices of default on the Property as a result.  *See id.*; *see also* RJN, Exs. C & F (Notice of Default 2009, Notice of Default 2011, Notice of Trustee's Sale 2010, Trustee's Deed Upon Sale 2016).

The Complaint's quiet title claim also fails because Plaintiffs never allege an adverse claim to their title.  *See* Compl. at 8-9, ¶¶ 1-8.  Instead, Plaintiffs merely repeat language from case law and from earlier portions of the Complaint and state, e.g., Defendants "have twenty-days (20) to refund or credit the alleged account all monies paid and to void the security interest, or seek judicial guidance." *Id.* ¶ 5.  Furthermore, California is a lien-theory state, not a title theory state, such that a lien does not change who has title to the property (here, third party Caliber Home Loans).  In truth, Plaintiffs do not seek to quiet title but rather to re-claim title and to remove a now-extinguished lien, but they do not allege facts explaining ***why*** Plaintiffs have the right to rescind the (now non-existent) lien on the Property, except to say that WaMu "was not licensed as [a] California finance lender" or properly registered in California—according to documents obtained in February 2016. *Id.*  ¶¶ 12 & Exs. C-D.  As discussed in Section B above, WaMu was not required to be licensed as a "California finance lender" or otherwise per California statute because WaMu provides mortgages on real property.  Cal. Corp. Code §§ 191(c)(7) & 191(d)(3).  But, Plaintiffs ***were*** required to allege, at a minimum, rightful ownership of the Property or an excuse from tendering the balance due under the Note.  Plaintiffs' claim for quiet title is thus inadequate, and the Court should dismiss it.

**D.      Plaintiffs Fail to State a Claim Under TILA**

Plaintiffs seek declaratory relief that per rescission of their loan under TILA, "Plaintiffs can live on [the Property]."  Compl. at 4, ¶ 7.  Plaintiffs' TILA claim is wholly dependent on their alleged right to rescind.  *See Kelley*, 545 B.R. 1, at *10; Compl. at 6, ¶ 14-15.  Plaintiffs' TILA claim should be dismissed for the following reasons.

**1.      Rights to Rescind Under TILA Do Not Extend to Home Purchases**

TILA affords Plaintiffs no rescission rights because Plaintiffs acquired the Property in a purchase money transaction.  *See Middleton v. Guaranteed Rate et al.*, 2015 WL 3934934, at *3 (D. Nev. June 25, 2015) (dismissing TILA claim because judicially noticeable public records indicated plaintiffs' loan was obtained to acquire the Property, not to refinance it).  As explained in *Middleton*, TILA's rescission provision "***does not*** apply to…. a residential mortgage transaction as defined in section 1602(w) of this title."  *Id.*; 15 U.S.C. § 1635(e)(1) (emphasis added).

> The term 'residential mortgage transaction' means a transaction in which a mortgage, deed of trust, purchase money interest….is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling.

15 U.S.C. § 1602(x).  The right to rescind under TILA "exists only if the property is not itself the security for the loan obtained to purchase it."  *Middleton*, 2015 WL 3934934, at *3.  In other words, TILA only permits rescission when a loan is being refinanced and additional funds are provided. *See id.*  Plaintiffs must affirmatively plead facts showing their loan is subject to TILA, and thus must plead facts showing their loan was not a residential mortgage transaction.  *See, e.g.*, *Johnson v. Greentree Servicing LLC*, 2016 WL 1408115, at *3 (W.D. Wash. Apr. 6 2016) (dismissing for failure to allege facts showing loan was subject to TILA).  Just as in *Middleton*, the Audit attached as Exhibit A to Plaintiffs' 2011 Complaint states Plaintiffs' loan is a "purchase money 1st trust deed on a new home purchase."  RJN, Ex. G at 5.  As such, TILA's rescission rights do not extend to Plaintiffs' Note.

**2.      Any TILA Claim Lies with the FDIC**

As discussed in Section A *infra*, Chase acquired WaMu's assets, but not its liabilities, when WaMu went into receivership in 2008.  The FDIC retained liability for loan-related conduct alleged

1    against WaMu prior to September 25, 2008.  *Rundgren*, 760 F.3d at 1059.  Since WaMu recorded

2    the DOT on March 1, 2008, Plaintiffs' only potential avenue of redress is via the FDIC.  *See Kelley*,

3    545 B.R. 1, at *8-10 (TILA rescission claim belongs with FDIC, not Chase).  The Court should

4    dismiss Plaintiffs' entire Complaint because its allegations are against the wrong party.

5                    **3.    Any TILA Rescission Right Expired With the Property's Sale**

6          As discussed above, the Property was sold at a trustee's sale on March 9, 2016, before

7    Plaintiffs filed their Complaint on March 18, 2016.  The "right to rescind expires either: (1) three

8    years after plaintiff obtains the loan or (b) plaintiff's property was sold, whichever occurs first."

9    *Mikels v. Estep et al.*, 2016 WL 1056067, at *5, No. 12-56 (N.D. Cal. Mar. 17, 2016) (Chen, J.)

10   (denying motion to vacate order dismissing TILA claims reasoning *Jesinoski* does "not negate the

11   fact that plaintiff's right of rescission was extinguished upon the sale of the property").  Thus, even

12   if Plaintiffs' alleged July 23, 2009 notice of rescission to WaMu was both timely and valid, the

13   subsequent sale of the property extinguished any viable claim of rescission Plaintiffs may have had

14   under TILA.  *See id.*, *citing Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 903 (9th Cir. 2003).

15   The *Mikels* court "agree[d] with the numerous other district courts which have found, under similar

16   facts, that the foreclosure sale of the property extinguished plaintiff's right of rescission despite his

17   timely notice of rescission."  *Id.*, *citing Benemie v. Countrywide Home Loans*, 2010 WL 4228339,

18   at *2, No. 09-7870 (C.D. Cal. Oct. 26, 2010); *Brown v. GMAC Mortg.*, 2010 WL 3341834, at *2,

19   No. 09-3293 (E.D. Cal. Aug. 23, 2010); and *Jacobson v. Balboa Arms Drive Trust No. 5402 HSBC

20   Financial Trustee*, 2011 WL 3328487, at *6, No. 10-2195 (S.D. Cal. Aug. 1, 2011).  "This makes

21   sense given the obvious logistical problems and disruption to third parties' settled interest that

22   would occur were rescission permitted after a foreclosure sale."  *Mikels*, 2016 WL 1056067, at *6.

23          Following *Meyer*, district courts in the Ninth Circuit have consistently held that the sale of a

24   property—whether voluntary or involuntary—bars any right to rescission under TILA.  *Mehta v.

25   Wells Fargo Bank, N.A.*, 737 F. Supp. 2d 1185, 1192 (S.D. Cal. 2010) ("The Ninth Circuit has

26   unequivocally stated the sale of property is an absolute bar to rescission"); *Hallas v. Ameriquest

27   Mortg. Co.*, 406 F. Supp. 2d 1176, 1183 (D. Or. 2005) ("In this case, the foreclosure sale has

28   terminated Plaintiffs' right of rescission").  "Indeed, the cases are legion that a foreclosure sale

terminates a borrower's right to rescind under TILA." *Takushi v. BAC Home Loans Servicing*, L.P., 814 F. Supp. 2d 1073, 1080 (D. Hawaii 2001) (quoting *Valdez v. Flexpoint Funding Corp.*, 2010 WL 3001922, at *7 (D. Hawaii July 30, 2010)).  "It does not matter if the sale was not voluntary[.]" *Takushi*, 814 F. Supp. 2d at 1080-81.

Furthermore, TILA's rescission provision, 15 U.S.C. § 1635(f), provides:  "An obligor's right of rescission ***shall expire*** three years after the date of consummation of the transaction or ***upon the sale of the property***, whichever occurs first, notwithstanding the fact that….any….disclosures required under this part have not been delivered to the obligor…." (emphasis added).  Accordingly, the sale of the Property completely terminated Plaintiffs' right to rescind under TILA with respect to that property.  *See Meyer*, 342 F.3d at  903.  The language of 12 C.F.R. 226.23(a)(3) "is clear:  the right to rescind ends with the sale." *Meyer*, 342 F.3d at 903.

### a. Plaintiffs' Alleged 2009 Letter Did Not Preserve a Right to Rescind

Even where a borrower asserts a timely TILA rescission request that predates a property's sale, an earlier notice of rescission does not preserve the borrower's right to seek post-sale rescission.  *See Meyer*, 342 F.3d at 902-03 (holding sale of property barred rescission, even where rescission demand was made prior to sale); *Benemie*, 2010 WL 4228339, at *1 ("[A] TILA rescission claim is barred upon sale of the property at issue even if the sale occurs after notice of a rescission claim").  For instance, in *Jacobson*, plaintiffs obtained loans secured by deeds of trust on their property on August 26, 2006.  2011 WL 3328487, at *1.  On February 19, 2008, plaintiffs sent a notice of rescission demanding cancellation of both loans.  *Id.*  On July 30, 2010, plaintiffs' property was sold at a trustee's sale, and plaintiffs subsequently filed a lawsuit, seeking relief in the form of both rescission and damages under TILA.  *Id.* at *2.  Although plaintiffs exercised their right of rescission within TILA's three-year rescission period and before the foreclosure sale, the court held that "any right of rescission under TILA is terminated upon foreclosure sale of the property." *Jacobson*, 2011 WL 3328487, at *6.  The court dismissed the plaintiffs' rescission claim with prejudice as a result.  *Id.*

Similarly, in *Ibarra v. Loan City*, 2010 WL 1573811, at *1 (S.D. Cal. Apr. 20, 2010), plaintiff refinanced on September 6, 2006.  In July 9, 2009, within three years of the original loan

consummation, plaintiff sent timely notices of rescission. *Id.* Thereafter, on August 18, 2009, plaintiff initiated a lawsuit, seeking rescission of the loan agreement and monetary damages for the defendants' alleged violation of TILA. *Id.* After the filing of the lawsuit, the lender purchased the property at a trustee's sale on September 8, 2009. *Id.* Relying on 15 U.S.C. § 1635(f), the court held plaintiffs' "right to rescind under TILA expired on September 8, 2009 when the property was sold at the trustee's sale." *Id.* at *2. Thus, the *Ibarra* court held neither plaintiffs' pre-sale attempts to exercise his right to rescind (*i.e.*, Plaintiffs' alleged July 23, 2009 notice of rescission, Compl. ¶ 11), nor plaintiffs' lawsuit seeking rescission under TILA, can prevent plaintiffs' rescission rights from terminating upon the sale of the property. *See id.*

As *Meyer*, *Jacobson, Ibarra*, and many other district court decisions make clear, even assuming Plaintiffs' purported notice of rescission to WaMu on July 23, 2009—at a time when WaMu no longer existed—was both timely and valid, Plaintiffs' pre-sale exercise of their conditional right to rescind does not preserve a post-sale claim for rescission under TILA. *See, e.g., Mikels v. Estep et al.*, 2016 WL 1056067, at *5, No. 12-56 (N.D. Cal. Mar. 17, 2016) (Chen, J.). Despite any earlier attempts by Plaintiffs to rescind the Note prior to the sale of the Property, Plaintiffs' right to rescind under TILA expired on March 9, 2016 when the Property was sold at the trustee's sale. Accordingly, Plaintiffs' claim for rescission under TILA fails as a matter of law, and the Court should dismiss it with prejudice.

### 4.     Plaintiffs' Claim Under TILA Is Time-Barred

Even if the Property's sale on March 9, 2016 did not extinguish Plaintiffs' conditional right to rescind, Plaintiffs' claim for rescission under TILA is time-barred. Plaintiffs allege they rescinded the March 1, 2008 Note on July 23, 2009, which was within the three-year statute of repose set forth in 15 U.S.C. § 1635(f). Compl., ¶ 11. Thus, Plaintiffs had to file this action by July 23, 2012 to fall within even the extended TILA rescission period. But Plaintiffs did not bring this TILA rescission claim until now, over *seven years* after Plaintiffs allegedly exercised their right to rescind and over *eight years* after the consummation of the loan at issue. *See Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790, 792-93 (2015) (discussing notice of rescission within <u>three</u> years of loan consummation and holding borrowers are not required to sue within <u>three</u>

years).  Regardless of whether the proper statute of limitations for bringing a TILA rescission claim is three years after the date the loan was consummated pursuant to 15 U.S.C. § 1635(f), or three years after any refusal to rescind, Plaintiffs' TILA rescission claim is years late.

### a.    *Jesinoski* **Does Not Support Plaintiffs' TILA Claim**

Plaintiffs' Complaint relies heavily on the U.S. Supreme Court's recent decision *Jesinoski*, stating: "a borrower need only provide written notice to a lender in order to exercise his right to rescind" and is not required "to sue within three years."  Compl. ¶ 11-13.  However, nothing in *Jesinoski* suggests the Court intended to remove time limits on a borrower's right to file a TILA rescission claim, nor does any part of *Jesinoski* suggest a borrower should have an unlimited time period for enforcing rescission rights.  To the contrary, the Supreme Court expressly recognized a borrower has an unconditional right to rescind for **only three days**, after which a borrower has a "conditional right to rescind."  *Jesinoski*, 135 S. Ct. at 792-93.  In fact, *Jesinoski's* holding is limited to the following:  rather than filing suit, sending a notice of rescission within three years of the loan transaction is sufficient to timely exercise the conditional right to rescind.  *Jesinoski* does not address how to resolve a contested notice of conditional rescission rights, or on what timeline.  *Jesinoski* likewise does not contemplate a notice of rescission rights that was not followed up on for seven years, as is the case here.

As an example, one circuit court has upheld an extremely short (3 day) limitations period as provided in the lender's notice of right to cancel.  *See, e.g., Palmer v. Champion Mortgage*, 465 F.3d 24, 27 (1st Cir. 2006) (affirming dismissal on ground plaintiff's TILA claim was time-barred).  In *Palmer*, the plaintiff sent a notice of rescission just over one year after the March 2003 transaction date and filed a lawsuit shortly after the defendant failed to respond.  *Id.* at 26.  The court applied the rescission deadline contained in the lender's notice of right to cancel and dismissed plaintiff's TILA claim as time-barred.  *Palmer*, 465 F.3d at 26.  Here, Plaintiffs' window closed long before the seven years that have elapsed.

Plaintiffs have far surpassed—in fact, Plaintiffs' have more than doubled— the range of any potentially applicable limitations period.  Because Plaintiffs' Complaint was filed over eight years after consummation of the loan at issue and almost seven years after WaMu either denied or failed

DEFENDANTS' MOTION TO DISMISS COMPLAINT
Case No. 3:16-cv-01343-JCS

1    to respond to Plaintiffs' request for rescission, Plaintiffs' claim for rescission under TILA is facially

2    time-barred.

3    **E.      Plaintiffs Fail to State a Claim Under California's Unfair Competition Law**

4           Plaintiffs' final claim is for violation of California's Unfair Competition Law ("UCL"),

5    which prohibits "unlawful, unfair or fraudulent" business acts or practices.  *See* Cal. Bus. & Prof.

6    Code § 17200*; see also Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012) (citing

7    *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999)).  As a threshold

8    matter, Plaintiffs only have standing to state a claim under California's UCL if they have "suffered

9    injury in fact and [have] lost money or property as a result of….unfair competition." *Suzuki v.*

10   *Hitachi Global Storage Techs.*, 2007 WL 2070263, at *6 (N.D. Cal. July 17, 2007).  But, Plaintiffs

11   do not allege any facts suggesting Chase has engaged in any wrongdoing, nor do Plaintiffs allege

12   they have "lost money or property" as a result of Chase's or anyone's conduct (but Plaintiffs' own).

13   *See Suzuki*, 2007 WL 2070263, at *6.*; see also* Compl. at 10-14, ¶¶ 11-31.  Plaintiffs thus do not

14   have standing to bring a private claim under Sections 17200 *et seq*.  As a result, the Court should

15   dismiss Plaintiffs' claim for violation of the UCL with prejudice.

16          On the merits, Plaintiffs appear to allege Chase's purported conduct is unlawful, fraudulent,

17   and unfair, but they fail to state a claim under any of the three prongs of the UCL.  *Kelley v. Mortg.*

18   *Elec. Registration Sys.*, 642 F.Supp.2d 1048, 1057 (N.D. Cal. 2009).  Plaintiffs fail to allege a

19   predicate violation of law per Section D, *infra,* on TILA, Plaintiffs fail to allege fraudulent conduct

20   sufficient to satisfy Rule 9's heightened pleading requirements, and Plaintiffs fail to allege any

21   unfair conduct by Chase.  Plaintiffs fail to allege any facts against Chase at all.

22          **1.      Plaintiffs Fail to State a Claim Under the UCL's Unlawful Prong**

23          For the unlawful prong, the UCL "borrows violations of other laws and treats them as

24   unlawful practices that the unfair competition law makes independently actionable." *Wilson*, 668

25   F.3d at 1140 (citing *Cel-Tech*, 20 Cal. 4th at 180).  Conversely, however, "[w]hen a statutory claim

26   fails, a derivative UCL claim also fails." *Aleksick v. 7-Eleven, Inc.*, 205 Cal. App. 4th 1176, 1185

27   (2012).  Plaintiff fails to state a claim under the unlawful prong because he does not plausibly

28

allege Chase violated a law (including TILA).  Plaintiffs' own  purported forensic mortgage audit states there is no TILA violation.  RJN, Ex. G at 5.

### 2.      Plaintiffs Fail to State a Claim Under the UCL's Fraudulent Prong

Likewise, there is no valid UCL claim under the "fraudulent" prong.  Rule 9(b)'s heightened pleading standard applies to UCL claims based on "fraudulent" conduct.  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124-25 (9th Cir. 2009).  "Rule 9(b) demands that the circumstances constituting the alleged fraud 'be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.'"  *Id.* at 1124 (citations omitted).  Thus, "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how of the misconduct charged.'"  *Id.*

Here, Plaintiffs plead only conclusory recitations of law, without any discernable "averments of fraud," except perhaps that WaMu failed "to make required rescission disclosures 'clearly and conspicuously' in writing."  *Id.*; Compl. ¶ 10(b).  Plaintiffs fail to identify any specific "false and misleading representations" made to them, let alone any necessary factual details—who, what, when, where, *or* how—regarding any allegedly false representations.  *Kearns*, 567 F.3d at 1124; Compl. ¶¶ 24-31.  Chase is left to guess what it allegedly said, when it said it, and why it was false.  *See Kearns*, 567 F.3d at 1124.  This is precisely the situation Rule 9(b) and courts interpreting the UCL seek to avoid.

### 3.      Plaintiffs Fail to State a Claim Under the Unfair Prong

Finally, there is no valid UCL claim under the "unfair" prong.[9]  Plaintiffs allege "[t]he business acts and practices of these Defendants [] constitute 'unfair' business practices under UCL

---

[9]   The exact definition of "unfair" in the UCL "is currently in flux" in California courts.  *Davis v. HSBC Bank*, 691 F.3d 1152, 1169 (9th Cir. 2012).  One line of cases requires any finding of unfairness "be tethered to some legislatively declared policy or proof of some actual or threatened impact on competition."  *Id.* (quoting *Cel-Tech*, 20 Cal. 4th at 186-187).  Some courts, on the other hand, define an unfair practice as one that "offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers."  *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1365 (2010) (quoting *State Farm & Cas. Co. v. Super. Ct.*, 45 Cal. App. 4th 1093, 1104 (1996)).  Plaintiffs do not make clear which construction they are proceeding under.  *See* Compl. ¶¶ 24-31.

in that said acts and practices offend *public policy* and are substantially injurious to the Plaintiffs and all consumers." Compl. at 12, ¶ 20 (emphasis in original). Yet Plaintiffs provide no facts to support these generic allegations. These conclusory allegations, standing alone, are insufficient to state a claim. *See Iqbal*, 556 U.S. at 678. The Court should thus dismiss the UCL claim because Plaintiffs fails to meet any of the three UCL prongs.

## V.       CONCLUSION

Plaintiffs fail to allege any facts against Chase. Plaintiffs likewise fail to allege any facts against any person or entity that would entitle Plaintiffs to relief. Amendment is thus futile, and the Court should dismiss the Complaint with prejudice.

DATED: April 14, 2016                              Respectfully submitted,

                                                  DAVIS WRIGHT TREMAINE LLP
                                                  Joseph E. Addiego, III
                                                  Mary McNeill


                                                  By:   */s/ Mary McNeill*
                                                        Mary McNeill

                                                  Attorneys for Defendants
                                                  JPMORGAN CHASE BANK, N.A.
                                                  WASHINGTON MUTUAL BANK, F.A.